## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAHEEM JEFFERSON BRENNERMAN and BLACKSANDS PACIFIC ENERGY CORPORATION, INC., | Case No. 14 Civ. 00182-SLR-SRF |
| Plaintiffs, | **Demand for Jury Trial** |
| – vs. – | |
| TIMES NEWSPAPERS LIMITED d/b/a *The Sunday Times*, | |
| Defendant. | |

### FIRST AMENDED COMPLAINT

Plaintiffs Raheem Jefferson Brennerman and Blacksands Pacific Energy Corporation, Inc. ("Blacksands Pacific"), by and through their attorneys, assert the following first amended complaint for defamation against Defendant Times Newspapers Limited d/b/a *The Sunday Times* ("The Sunday Times").

### SUMMARY OF ACTION

1.     On April 28, 2013, The Sunday Times published false and defamatory statements in an article entitled *Red Cross and Greenpeace sucked into tax black hole*.[1] In the article, The Sunday Times falsely accuses Mr. Brennerman — the chairman, president and CEO of Blacksands Pacific — of controlling a mysterious charitable trust to bank his profits from allegedly shady real estate deals.

2.     In truth, Icelandic investors — not Mr. Brennerman — owned the real estate in question, having purchased it in 2007 through a company capitalized with their own equity investments and bank loans.  The Icelandic investors hired Mr. Brennerman's company to

---

[1] Jonathan Ungoed-Tomas, Duncan Campbell and Craig Shaw, *Red Cross and Greenpeace sucked into tax black hole*, The Sunday Times (April 28, 2013), *available at*, http://www.thesundaytimes.co.uk/sto/news/uk_news/National/article1251924.ece (Ex. 1).

develop and market the property.  Mr. Brennerman never had any profit-sharing or ownership interest, direct or indirect, in the property.  Mr. Brennerman was neither the settlor, trustee, nor the beneficiary of the trust referenced in The Sunday Times article.

3.   In authoring and publishing the defamatory article, The Sunday Times acted with actual malice, deliberately ignoring documents and information which show that its statements are false.  For example, it ignored publicly-available information explaining that the property was owned by Icelandic investors.  It also disregarded financial documents and records in its possession prior to publication, which showed clearly and unequivocally that the accusations in its article are false.  Even after an employee of Mr. Brennerman explained the truth regarding the issues addressed in The Sunday Times' article, The Sunday Times disregarded the information provided and persisted in publishing the defamatory article and, once the article was published, refused to correct or retract the damaging falsehoods.  To this day, Defendant's false and defamatory statements remain available to a worldwide internet audience on Defendant's website.

4.   In addition to the substantial reputational harm caused by the false allegations in the defamatory article, Mr. Brennerman and Blacksands Pacific have been damaged in that they have been forced to expend substantial resources to respond to the false statements in the article.

5.   By falsely accusing Mr. Brennerman of abusing offshore entities to wrongfully conceal his business activities and enriching himself at the expense of charitable organizations, The Sunday Times has suggested that Mr. Brennerman is nothing more than a dishonest criminal unfit for his profession and business, and that Blacksands Pacific is a sham organization set up by Mr. Brennerman to further unlawful and shadowy business activities.

Mr. Brennerman and Blacksands Pacific have worked hard and with great diligence to establish their reputations for integrity, honesty, and ingenuity in real estate and energy business operations. Accordingly, Plaintiffs bring this defamation action to vindicate their rights and reputations under civil law, and to recover damages from The Sunday Times to compensate for the reputational and economic harm they have suffered as a result of the defamatory article. Plaintiffs also seek punitive damages as a result of Defendant's knowing and malicious publication of defamatory falsehoods.

## THE PARTIES AND OTHER RELEVANT PERSONS

6. Plaintiff Raheem Jefferson Brennerman is a resident of Nevada and a dual citizen of the United States and the United Kingdom. Mr. Brennerman began his career as an investment banker and working in his family's real estate and energy businesses in New York, London, and Luzern, Switzerland. In 2004, Mr. Brennerman founded his own business, now called BLV Group Corporation, LLC ("BLV Group"), a Delaware limited liability company, which specializes in real estate investing, management and development, advisory, hospitality, lifestyle development, and philanthropy.

7. Plaintiff Blacksands Pacific Energy Corporation, Inc. ("Blacksands Pacific") is a Delaware corporation with its principal place of business in Los Angeles, California. Mr. Brennerman co-founded Blacksands Pacific in 2010, and serves as its chairman, president, and CEO. Blacksands Pacific explores, produces, and distributes natural gas and crude oil, and specializes in marketing and trading of crude oil and petroleum products.

8. Defendant Times Newspapers Limited d/b/a *The Sunday Times* ("The Sunday Times")'s ultimate parent company is News Corp, a Delaware corporation. Defendant Times Newspapers Limited owns the newspaper *The Sunday Times*. On April 28, 2013, The Sunday

3

Times published false and defamatory statements in an article entitled *Red Cross and Greenpeace sucked into tax black hole*.  (Ex. 1.)

## JURISDICTION

9.    This case involves damages to Plaintiffs' businesses in excess of $1,000,000.

10.    This Court has personal jurisdiction over The Sunday Times under Delaware Code § 3104 because The Sunday Times published false and defamatory statements regarding Plaintiffs online to readers in Delaware, damaging Plaintiffs' reputations in Delaware, and because The Sunday Times regularly transacts business in Delaware by publishing articles and advertising online to readers in Delaware, thereby deriving substantial revenue from services or things used or consumed in Delaware.  In addition, Defendants' harm to Plaintiffs has been particularly acute in Delaware because Blacksands Pacific is a Delaware corporation and Mr. Brennerman is a principal in Delaware companies, including Blacksands Pacific.

11.    Jurisdiction and venue are also proper in Delaware because the state has a strong public interest in protecting the individuals who establish and serve as officers and directors of Delaware companies from the publication of defamatory falsehoods.

## FACTUAL BACKGROUND

### The Sunday Times Publishes False
### And Defamatory Statements About Plaintiffs Online

12.    On April 28, 2013, The Sunday Times damaged and defamed the Plaintiffs by falsely accusing Mr. Brennerman of illegal and improper conduct in an article entitled *Red Cross and Greenpeace sucked into tax black hole*.  (Ex. 1.)  The Sunday Times published the defamatory article online to a worldwide internet audience on The Sunday Times website.

13.    In the article, The Sunday Times made the following false and defamatory statements:

4

Brennerman, who is originally from Nigeria, and Nuevitas International Holdings in turn controlled a BVI trust — the Trigon Trust — which could be used to bank the profits from property deals and buy "yachts, boats, motor vehicles [and] works of art"....

Whatever the intention of the Trigon Trust, experts say tens of thousands of similar charity-fronted trusts have been quietly formed in tax havens. They say such structures are used to conceal the ultimate beneficiaries.

Naming a charity as the main beneficiary of a trust reduces the requirements for identity and anti-money-laundering checks and they can be removed from trust documents shortly before any funds are distributed without the charity knowing anything about it.

14.     With the publication of these defamatory statements, The Sunday Times intended to, and did in fact, give readers the false and defamatory impression that the Trigon Trust is a "charity-fronted trust" controlled by Mr. Brennerman — Blacksands Pacific's chairman, president, and CEO — to "bank profits" from shady property deals, to "conceal" his identity as a beneficiary of shady property deals, and to evade "anti-money-laundering checks" that would otherwise expose his alleged participation in unlawful and improper money-laundering and tax evasion activities.

15.     These accusations are demonstrably false. Mr. Brennerman neither controls nor receives funds from the Trigon Trust — nor was he ever intended to do so. Rather, the Trigon Trust was settled by Joan Evie Eliades, naming certain charities as beneficiaries as a legitimate, good faith component of her estate planning. For estate planning purposes and charitable undertakings, Mr. Brennerman was initially designated as the protector of the Trigon Trust, but he never "controlled" the trust or made any decisions on its behalf, and he was replaced as the protector within a few months of being appointed. Mr. Brennerman was never the settlor, the trustee, nor the beneficiary for the Trigon Trust.

**The Sunday Times Recklessly Disregarded The Truth**
**By Deliberately Ignoring Information**
**That Rebutted The Falsehoods In Its Article**

16.     In publishing the false and defamatory statements described above, The Sunday Times acted with actual malice. The Sunday Times either knew or should have known that its statements were false, or it acted in reckless disregard of the truth or falsity of those statements, by ignoring information and documentation in its possession rebutting the false statements in the article.

17.     Prior to publication of the defamatory statements, The Sunday Times reviewed — but deliberately ignored — financial documents which directly refute the false assertions in its article. For example, The Sunday Times claims to have reviewed "[t]rust documents," "a letter sent to the British Virgin Islands," and "[a] leak of 2.5m records relating to more than 120,000 offshore companies and trusts." (Ex. 1.) But the documents expressly refute Defendant's false statements. For example, corporate records for the company which owned the real estate in question show that its owners were Icelandic investors, not Mr. Brennerman. And while The Sunday Times falsely states that Mr. Brennerman "controlled" the Trigon Trust, the trust documents show no such thing.

18.     The Sunday Times recklessly disregarded readily available public information confirming that the real estate in question was owned by Icelandic investors who appointed a subsidiary of Mr. Brennerman's BLV Group as the development manager. Years before The Sunday Times published its false and defamatory statements, numerous media outlets correctly reported these facts. *See* Anna Hodgekiss, *Icelandic company buys in Belgravia*, PropertyWeek.com, Jun. 14, 2007, *available at,* http://www.propertyweek.com/news/icelandic-company-buys-in-belgravia/3089320.article (Ex. 3); Jonathan Sibun, *Zegna collapse leaves swish digs up for grabs*, The Telegraph, Jul. 18, 2009 (Ex. 4), available at,

http://www.telegraph.co.uk/finance/comment/citydiary/5857541/Zegna-collapse-leaves-swish-digs-up-for-grabs.html ("Zegna III Holdings, the owners of 3-10 Grosvenor Crescent...Zegna's backers?  Icelandic."); *BLV high court bid for reinstatement fails*, Estates Gazette, Nov. 28, 2009 (Ex. 5) ("BLV was appointed development manager by owning company Zegna III in 2007.").

19.     Even after an employee of Mr. Brennerman explained how the truth regarding the issues described in the article, The Sunday Times disregarded the information provided and persisted in publishing the defamatory article and, once the article was published, refused to correct or retract the damaging falsehoods.

## COUNT I: DEFAMATION

20.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

21.     On April 28, 2013, The Sunday Times published an article entitled *Red Cross and Greenpeace sucked into tax black hole*, that made false and defamatory allegations of illegal and improper conduct on the part of the Plaintiffs.  (Ex. 1.)  This article damaged and defamed the Plaintiffs.

22.     The Sunday Times published the defamatory article on its website thesundaytimes.co.uk.  (Ex. 1.)  The article contained the following false and defamatory statements:

> Brennerman, who is originally from Nigeria, and Nuevitas International Holdings in turn controlled a BVI trust — the Trigon Trust — which could be used to bank the profits from property deals and buy "yachts, boats, motor vehicles [and] works of art"....
>
> Whatever the intention of the Trigon Trust, experts say tens of thousands of similar charity-fronted trusts have been quietly formed in tax havens. They say such structures are used to conceal the ultimate beneficiaries.

> Naming a charity as the main beneficiary of a trust reduces the
> requirements for identity and anti-money-laundering checks and
> they can be removed from trust documents shortly before any
> funds are distributed without the charity knowing anything about
> it.

23.     The Sunday Times published false and defamatory statements that were

reasonably understood by those who read or heard them to be statements of fact impugning Mr.

Brennerman, the chairman, president, and CEO of Blacksands Pacific.  With the publication of

these defamatory statements, The Sunday Times intended to, and did in fact, give readers the

false and defamatory impression that the Trigon Trust is a "charity-fronted trust" controlled by

Mr. Brennerman to "bank profits" from shady property deals, to "conceal" his identity as a

beneficiary of shady property deals, and to evade "anti-money-laundering checks" that would

otherwise expose his alleged participation in unlawful and improper money-laundering and tax

evasion activities, and that Blacksands Pacific is a sham organization set up to further illegal

activities.

24.     Specifically, The Sunday Times published an article falsely stating that Mr.

Brennerman "controlled a BVI trust — the Trigon Trust — which could be used to bank the

profits from property deals and buy 'yachts, boats, motor vehicles [and] works of art'…[and

that] similar charity-fronted trusts have been quietly formed in tax havens…to conceal the

ultimate beneficiaries…[and to] reduce[] the requirements for identity and anti-money-

laundering checks…" (Ex. 1.)

25.     These statements published by The Sunday Times are defamatory per se

because they accuse Mr. Brennerman of creating and abusing a "charity-fronted trust" to "bank

profits" from shady property deals, to "conceal" his identity as a beneficiary of shady property

deals, and to evade "anti-money-laundering checks" that would otherwise expose his alleged

participation in unlawful and improper money-laundering and tax evasion activities.  In doing

8

so, The Sunday Times created the false and defamatory impression that Mr. Brennerman is a dishonest criminal and con man unfit for his profession and business, and that Blacksands Pacific is a sham company run by a leader unfit for his profession and business.

26.     These statements, published by The Sunday Times, are false in that Mr. Brennerman never controlled the Trigon Trust or used the Trigon Trust to conceal any ownership interest in the subject real estate or to avoid taxes with respect to such real estate.

27.     The Sunday Times disseminated and published these false and defamatory statements on the internet in a manner that achieved widespread exposure to a global internet audience, including to individuals in Delaware.

28.     The Sunday Times published these false and defamatory statements in reckless disregard of publicly-available information, relevant financial documents to which it obtained access prior to publication, and Mr. Brennerman's explanation of the true facts relevant to the issues The Sunday Times covered.  Specifically, an employee of Mr. Brennerman's company wrote to The Sunday Times on April 25, 2013, explaining the true facts relevant to the issues in the April 28, 2013 defamatory article.  Even though The Sunday Times had the true facts in its possession prior to publication, it persisted in publishing defamatory falsehoods about the Plaintiffs.  Considering the availability of this information, The Sunday Times entertained serious doubts as to the truth of the publication or had a high degree of awareness of its probable falsity.  Thus, The Sunday Times acted with actual malice, either because it knew the statements regarding the Plaintiffs were false prior to publication or because it published the statements in reckless disregard for their truth or falsity.

29.     Defendant Sunday Times is also responsible for the false statements of the authors and editors of the defamatory article under the doctrine of respondeat superior.

30.    The foregoing statements published by The Sunday Times amount to defamation per se under Delaware common law because the defamatory statements would tend to harm, and indeed have harmed, the Plaintiffs in their trade, business, and profession.

31.    As a result of the false and defamatory statements published by The Sunday Times, the Plaintiffs' reputations have been impugned.

32.    As a result of the false and defamatory statements published by The Sunday Times, the Plaintiffs' relationships with current and potential clients, investors, and partners have been undermined.

33.    As a result of the false and defamatory statements published by The Sunday Times, confidence in the Plaintiffs' business has been undermined.

34.    As a result of the false and defamatory statements published by The Sunday Times, the Plaintiffs' revenue sources have been adversely affected.

35.    As a result of the false and defamatory statements published by The Sunday Times, the Plaintiffs have been forced to make an expenditure of money to remedy the defamation.

36.    In view of the foregoing, the Plaintiffs are entitled to actual, presumed, and punitive damages in an amount to be specifically determined at trial.

## PUNITIVE DAMAGES

37.    The actions or omissions of The Sunday Times set forth in this Complaint demonstrate malice, egregious defamation, and insult. Such actions or omissions by the Defendant were undertaken with either: (1) maliciousness, spite, ill will, vengeance, or deliberate intent to harm the Plaintiffs; or (2) reckless disregard of the falsity of the speech and its effects on the Plaintiffs. Accordingly, the Plaintiffs request an award of punitive damages

and attorneys' fees beyond and in excess of those damages necessary to compensate them for injuries resulting from Defendant's conduct.

## PRAYER FOR RELIEF

38.     Plaintiffs pray that this Court provide the following relief:

(a)     Compensatory and consequential damages for detraction from good name and reputation and for injuries to Plaintiffs' professional standing;

(b)     Punitive damages to punish Defendant's reprehensible conduct and to deter its future occurrence;

(c)     Costs and fees incurred in the prosecution of this action; and

(d)     Further relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

SEITZ, VAN OGTROP & GREEN, P.A.

*/s/ James S. Green, Sr.*

_____
JAMES S. GREEN, SR. (DE0481)
JARED T. GREEN (DE5179)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600
Fax:  (302) 888-0606
Email: jgreen@svglaw.com
          jtgreen@svglaw.com

*Attorneys for Plaintiffs Raheem Jefferson
Brennerman and Blacksands Pacific Energy
Corporation, Inc.*

Dated:  March 28, 2014